**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSEPH A. MANN,
<u>Plaintiff-Appellant,</u>

v.

D. N. HAIGH, Assistant Director,
Morale, Welfare and Recreation
Directorate at Marine Corps Air
Station, Cherry Point, North
Carolina, individually and in his

official capacity as Assistant
Director of such Organization;
MORALE, WELFARE AND RECREATION
DEPARTMENT, Marine Corps Air
Station, Cherry Point, North
Carolina; UNITED STATES OF
AMERICA,
<u>Defendants-Appellees.</u>

No. 96-1869

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CA-95-107-4-H)

Argued: May 7, 1997

Decided: July 22, 1997

Before WILKINSON, Chief Judge, MICHAEL, Circuit Judge, and
COPENHAVER, United States District Judge for the Southern
District of West Virginia, sitting by designation.

_____

Affirmed by published opinion. Judge Copenhaver wrote the opinion,
in which Chief Judge Wilkinson and Judge Michael joined.

**COUNSEL**

**ARGUED:** David Peter Voerman, DAVID P. VOERMAN, P.A.,
New Bern, North Carolina, for Appellant. Anne Margaret Hayes,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lees. **ON BRIEF:** Buren R. Shields, III, DAVID P. VOERMAN,
P.A., New Bern, North Carolina, for Appellant. Janice McKenzie
Cole, United States Attorney, Eileen C. Moore, Assistant United
States Attorney, Raleigh, North Carolina, for Appellees.

_____

**OPINION**

COPENHAVER, District Judge:

Plaintiff appeals from the judgment of the district court dismissing
his complaint. We affirm.

I.

Plaintiff was employed from 1982 to September 30, 1994, by the
Morale, Welfare and Recreation Directorate at a Marine Corps station
in Cherry Point, North Carolina (Directorate). The Directorate is a
nonappropriated fund instrumentality (NAFI), which provides recre-
ational services and goods at the Cherry Point station. A NAFI is a
branch of the federal government, and, as such, enjoys immunity from
suit absent explicit waiver. Army & Air Force Exch. Serv. v. Sheehan,
456 U.S. 728, 733-34 (1982). A nonappropriated fund instrumentality
is usually one created by the government for use by government per-
sonnel. Military exchanges and similar entities are the major type of
NAFIs. The instrumentality is generally one to which the government
has provided funds, largely by loan, to initiate operations. The gov-
ernment loan is repaid out of the profits earned by the instrumentali-
ty's activity. Dupo v. Office of Personnel Management, 69 F.3d 1125,
1127 n.1 (Fed. Cir. 1995). NAFI employees are paid primarily from
income generated by the activity itself. Hostetter v. United States, 739
F.2d 983, 986 n.2 (4th Cir. 1984).

During his employment with the Directorate, plaintiff missed work
a considerable number of times as a result of excessive alcohol use.

2

Construing the complaint in the light most favorable to plaintiff, his alcohol use is a manifestation of a bipolar disorder, diagnosed in 1991. During 1992, plaintiff missed work several times because of alcohol use, and, though he was not discharged, his continued employment was, with his agreement, made contingent upon the requirement that he not miss work in the future as a result of alcohol use.

Between July 25, 1994, and August 16, 1994, plaintiff missed work as a result of excessive drinking. By letter dated August 16, 1994, an officer of the Directorate notified plaintiff of a proposal to remove him from his position. By letter dated August 29, 1994, plaintiff requested that his absence from work be treated as leave under the Family and Medical Leave Act of 1993 (FMLA), Pub. L. No. 103-3, 107 Stat. 6 (codified as amended in scattered sections of 5 & 29 U.S.C.A.). This request was granted on September 23, 1994. Also on September 23, 1994, Defendant David Haigh, assistant director of the Directorate, notified plaintiff that he would be discharged on September 30, 1994, for his breach of the 1992 agreement, notwithstanding plaintiff's assertion that the FMLA precluded his dismissal.

Plaintiff filed a complaint in federal district court on October 4, 1994, seeking both to enjoin, apparently retroactively, his discharge, which had occurred on September 30, 1994, and compensatory damages for alleged violations of the FMLA. The complaint alleged violations of both Titles I and II of the FMLA. In general, most employees of the federal government to whom the FMLA applies, including NAFI employees, are governed by Title II of the FMLA. 5 U.S.C.A. §§ 6382(a)(1), 6381(1)(A), 6301(2)(A), 2105. See also 29 C.F.R. § 825.109(a). Federal employees governed by Title II, such as NAFI employees, are specifically excluded from coverage under Title I. 29 U.S.C.A. § 2611(2)(B)(i). Title I of the FMLA primarily concerns employees of the private sector and employees of non-federal governments. 29 U.S.C.A. §§ 2612(a)(1), 2611(2), (4). Title I creates expressly a private right of action to redress violations of Title I, 29 U.S.C.A. § 2617(a)(2), whereas Title II omits a similar provision creating a private right of action.

A magistrate judge held a hearing on plaintiff's motion for a temporary restraining order on October 11, 1994, and issued a recommen-

3

dation on October 31, 1994. The magistrate judge recommended that, as a NAFI employee, plaintiff could not seek relief through the private right of action provision of Title I. However, the magistrate judge concluded that, as a result of plaintiff's status as a NAFI employee, Title II of the FMLA applied to him so as to provide him with a right to leave under certain circumstances. Noting that plaintiff had not pursued administrative review of his termination, the magistrate judge recommended dismissal on exhaustion principles, but suggested that, if plaintiff was unable to obtain administratively the desired relief, section 10 of the Administrative Procedure Act (APA), ch. 324, 60 Stat. 237, 243-44 (1946) (codified as amended at 5 U.S.C.A. §§ 701-706), would provide to plaintiff a means of obtaining judicial review of his termination. The district court adopted the recommendation of the magistrate judge and dismissed the action without prejudice. Mann v. Haigh, 891 F. Supp. 256, 258 (E.D.N.C. 1995).

After the dismissal of his original complaint, plaintiff sought relief administratively in accord with the suggestion of the district court. Upon the exhaustion of his administrative remedies, plaintiff filed a second complaint, seeking reinstatement and damages. The district court held in an unpublished opinion that the res judicata effect of its earlier order barred plaintiff's claim for review under the FMLA. Additionally, the district court found that, despite its earlier ruling, the APA did not provide plaintiff a way to obtain judicial review of his FMLA claim. The district court then dismissed the action. This appeal followed.

II.

We first address plaintiff's claims that both Title I and Title II of the FMLA provide a means for NAFI employees to obtain judicial review of an adverse employment decision. The district court denied these claims on the basis of res judicata. However, the district court's earlier dismissal was made expressly without prejudice and, accordingly, has neither an issue nor a claim preclusive effect. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990) ("`[D]ismissal . . . without prejudice' is a dismissal that does not `operat[e] as an adjudication upon the merits,' and thus does not have a res judicata effect.") (alterations in original) (citation omitted) (construing language of

4

Fed. R. Civ. P. 41(a)). Nevertheless, we may affirm the judgment of the district court on any basis that the record fairly supports. S.E.C. v. Chenery Corp., 318 U.S. 80, 88 (1943); Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

A.

Employees covered by Title I of the FMLA are granted rights to leave from work in enumerated circumstances, 29 U.S.C.A. § 2612, as well as a private right of action to remedy employer action violating FMLA rights, 29 U.S.C.A. § 2617(a)(2). As earlier noted, NAFI employees are covered by Title II of the FMLA, 5 U.S.C.A. §§ 6382(a)(1); 6381(1)(A); 6301(2)(A); 2105(c)(1)(E); 5 C.F.R. § 630.1201(b)(ii)(D) (providing that Title II of the FMLA applies to "[a]n employee . . . who is paid from nonappropriated funds"), and are thereby excluded from coverage under Title I, 29 U.S.C.A. § 2611(2)(B)(i). Accordingly, NAFI employees may not seek judicial review pursuant to 29 U.S.C.A. § 2617(a)(2), the private right of action provision of Title I.

Title II of the FMLA does grant to plaintiff as a NAFI employee essentially the same substantive rights to leave as those granted to employees covered by Title I. Compare, e.g., 5 U.S.C.A. § 6382(a)(1) with 29 U.S.C.A. § 2612(a)(1). However, Title II does not contain an express provision for a private right of action to enforce the leave rights there granted. Inasmuch as suit against a NAFI is treated as a suit against the federal government, no implied right of action to remedy violations of Title II exists either. Excepting the situation in which the Constitution itself authorizes suit against the federal government, e.g., First English Evangelical Lutheran Church v. County of Los Angeles, 482 U.S. 304, 316 n.9 (1987) (Just Compensation Clause), suit against a NAFI or any part of the federal government is permissible "only if Congress has consented to suit; `a waiver of the traditional sovereign immunity "cannot be implied but must be unequivocally expressed."'" Army & Air Force Exch. Serv. v. Sheehan, 456 U.S. 728, 734 (1982) (quoting United States v. Testan, 424 U.S. 392, 399 (1976) (quoting United States v. King, 395 U.S. 1, 4 (1969))). No unequivocal waiver of immunity exists in Title II, and, consequently, the omission of a provision in Title II similar to that in Title I creating a private right of action is treated as an affirmative

5

congressional decision that the employees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims through the FMLA. Accordingly, Title II of the FMLA creates neither an express nor an implied right of action whereby NAFI employees may obtain judicial review of adverse employment decisions.

B.

Alternatively, plaintiff maintains that, as a federal employee, he may obtain judicial review of an adverse employment decision pursuant to section 10 of the Administrative Procedure Act. After the dismissal of his original complaint, plaintiff sought administrative review of his termination and asserts that the denial of his administrative claims constitutes action subject to judicial review under the APA.

The APA provides in relevant part that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof." 5 U.S.C.A. § 702. We assume for our purposes here that plaintiff has been harmed by agency action within the meaning of the APA as construed before the enactment of the Civil Service Reform Act of 1978 (CSRA), Pub. L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.A.). The question presented is whether the APA allows NAFI employees to obtain judicial review of adverse employment decisions in light of the CSRA.

Prior to the enactment of the CSRA, a myriad of legislation governed the review of employment decisions involving government employees. "Congress responded to this situation by enacting the CSRA, which replaced the patchwork system with an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." United States v. Fausto, 484 U.S. 439, 445 (1988). In Fausto, the Supreme Court held that the CSRA "prevents" review under the Back Pay Act, Pub. L. No. 89-380, 80 Stat. 94 (1966) (codified as amended at 5 U.S.C.A. § 5596), of an adverse personnel action that was not subject to review under the CSRA. 484 U.S. at 455.

6

Applying Fausto, the Fifth Circuit Court of Appeals held in an action involving the termination of a NAFI employee that "the exclusivity of the CSRA precludes application of APA judicial review of [a NAFI employee's] termination." McAuliffe, 966 F.2d at 981. See also Keen v. Brown, 958 F. Supp. 70, 73-75 (D. Conn. 1997). We agree with the principles enunciated in the well reasoned opinion in McAuliffe: in view of the comprehensiveness of the CSRA as interpreted by the Supreme Court in Fausto, the CSRA prevents NAFI employees from obtaining judicial review of an adverse employment decision under the APA. Framed alternatively, the CSRA serves to repeal implicitly the APA to the extent that it allowed judicial review of employment decisions concerning NAFI employees prior to the enactment of the CSRA. Fausto, 484 U.S. at 453. Accordingly, plaintiff may not pursue his FMLA claim through the APA.*

We recognize that the CSRA does not grant plaintiff a right to obtain judicial review of his termination. McAuliffe, 966 F.2d at 980-81. Plaintiff does, however, enjoy other procedural safeguards with regard to adverse employment action. The NAFI for which plaintiff worked has in place a process, of which plaintiff availed himself, whereby employees may obtain several steps of internal review of adverse employment decisions. See Morale, Welfare and Recreation Order 12771.1 (Feb. 1, 1993) (establishing administrative grievance procedures for NAFI employees at the Marine Corps station in Cherry Point, North Carolina) (enabled by Department of Defense Order 1401.1-M). Moreover, while we express no opinion concerning the merits of plaintiff's claim that the Directorate violated his FMLA rights, we note that, when issuing its final regulations concerning Title II of the FMLA, the Office of Personnel Management provided that "[a]n employee may not retroactively invoke his or her entitlement to leave under the FMLA for a previous absence from work," Family and Medical Leave, 61 Fed. Reg. 64441, 64445 (1996) (emphasis in original), which, seemingly, is the exact situation presented in this matter.

_____

*We note that, by ruling that the APA did not apply to plaintiff's termination in the second action, the district court essentially reversed its earlier decision on that point, published at Mann v. Haigh, 891 F. Supp. 256, 262 (E.D.N.C. 1995). Likewise, to the extent that it is inconsistent with this opinion, we also disapprove of the original Mann decision.

7

III.

Accordingly, for the reasons stated, the judgment of the district court is affirmed.

<u>AFFIRMED</u>.

8