* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Theresa D. RUSSELL, Plaintiff–Appellant,

and

Donald Russell, individually and on behalf of the marital community and as Guardians Ad Litem for their children Jhaunea Russell, Donald Russell, Jr. and Tajah Russell, Plaintiff,

v.

UNITED STATES DEPARTMENT OF THE ARMY; United States Department of the Army, Corps. of Engineers; Togo D. West, Jr., Secretary of the Army; Joyce E. Rolstad; John Doe Rolstad, and the marital community composed thereof; Jack Erlandson; Jane Doe Erlandson, and the marital community composed thereof; John Barrett; Jane Doe Barrett, and the marital community composed thereof; Sermerion Smith; John Doe Smith, and the marital community composed thereof; Nancy L. January; John Doe January, and the marital community composed thereof, Defendants–Appellees.

No. 98–35545.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 1999 [*]

Filed Sept. 14, 1999

R.App. P. 34(a).

Before: CANBY, BRUNETTI and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We must decide whether federal employees covered by Title II of the Family and Medical Leave Act may bring suit for violations of its provisions.

I

From March 1989 to March 1992, Theresa Russell worked at the Army Directorate of Engineering and Housing in Hanau, Germany as a federal civil service employee. Upon her husband's reassignment from Germany to Fort Lewis, Washington, Russell left her position at the Directorate to return to the United States and was placed on leave without pay because of her pregnancy. Following her return stateside and the birth of her son, Russell commenced work in June 1993 as an engineer technician for the Army Corps of Engineers, Seattle district.

From September to November, 1993, Russell's son Tajah suffered from asthma due to severe upper respiratory infections, and Russell was repeatedly absent from work because of her son's unexpected complications that required hospital visits. Russell sought information from her superiors at the Corps regarding her rights to leave time under the Family and Medical Leave Act ("FMLA"), but allegedly was not provided with that information. Russell sought retroactive leave for her absences, which was denied, and she was also denied placement upon a reduced work schedule or intermittent leave. On November 3, 1993, the Corps terminated Russell's employment because of her excessive absenteeism and tardiness.

On November 23, 1993, Russell filed an appeal with the Merits Systems Protection Board challenging her termination. The ALJ dismissed Russell's appeal because

Theresa D. Russell, Pittsburgh, Pennsylvania, in pro se for the plaintiff-appellant.

Mark Chutkow, Assistant United States Attorney, Seattle, Washington, for the defendants-appellees.

the Board lacked jurisdiction over her claim. Russell did not appeal the ALJ's decision. In December, Russell lodged an informal complaint of racial discrimination with the Equal Employment Opportunity Compliance and Complaint Review ("EEOCCR") office of the Army. In response to her informal complaint, and following counseling, Russell was notified of her right to file a formal complaint. Russell filed a formal EEOCCR complaint on January 5, 1994, alleging unequal treatment and wrongful termination. On May 24, 1994, the investigator assigned to Russell's case concluded that the Corps had not discriminated against her by denying leave under the FMLA and terminating her employment. At that time, Russell had the option of requesting a hearing before an Equal Employment Opportunity Commission ALJ or a final decision by the EEOCCR of the Army. Russell requested the latter, and in its final decision, the EEOCCR adopted the conclusion of the investigator. Russell did not appeal the EEOCCR's decision to the EEOC.

Russell next brought suit in the United States District Court for the Western District of Washington, alleging claims of discrimination under the FMLA, and various other claims not before us on appeal. Russell was represented by counsel in the district court. The government moved to dismiss Russell's FMLA claims, asserting that the FMLA does not provide a private right of action for federal employees to enforce its provisions. The district court agreed and dismissed Russell's FMLA claims. Russell brought this pro se appeal.

## II

The FMLA grants private and federal employees an entitlement to periods of leave for certain enumerated circumstances. *See, e.g.,* 29 U.S.C. § 2612(a)(1);

5 U.S.C. § 6382(a)(1). Title II of the FMLA, 5 U.S.C. § 6381 *et seq.,* governs leave for federal civil service employees with more than twelve months of service; Title I, 29 U.S.C. § 2601 *et seq.,* governs leave for private employees and federal employees not covered by Title II.[1] The parties do not dispute that Russell was a Title II employee; Russell, in fact, expressly asserted before the district court that she was a Title II employee because she "was employed by the Department of the Army for over twelve months," and the magistrate judge so found. Russell's representations and the magistrate judge's finding are in accord with the record, which reveals that Russell did not terminate her employment with the Department of the Army upon leaving Germany, but rather, was placed on leave. Russell was employed by the Department of the Army for far more than twelve months, and was therefore a Title II employee. *See* 5 U.S.C. § 6381(1)(B).

While Title I and Title II employees under the FMLA are afforded equivalent rights to leave time, Title I expressly provides a private right of action to remedy employer action violating FMLA rights. *See* 29 U.S.C. § 2617(a)(2). Title II contains no analogous provision. *See* 5 U.S.C. §§ 6381–6387. The absence of express statutory authorization for such suits under Title II would seem to bar Russell's FMLA claims because it is axiomatic that suits against the government are barred by sovereign immunity absent an unequivocally expressed waiver. *See Hodge v. Dalton,* 107 F.3d 705, 707 (9th Cir.), cert. denied, —— U.S. ——, 118 S.Ct. 62, 139 L.Ed.2d 25 (1997) (citing *Lehman v. Nakshian,* 453 U.S. 156, 160–61, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981)); *see also Army & Air Force Exch. Serv. v. Sheehan,* 456 U.S. 728, 734, 102 S.Ct. 2118,

---

1. Through a series of nested definitions, an employee under Title II of the FMLA includes "an individual who is appointed in the civil service by ... a member of a uniformed service," 5 U.S.C. § 2105(a)(1)(C), who "has completed at least 12 months of service as an

employee," *id.* § 6381(1)(B); *see also id.* § 6381(1)(A) (defining employee under Title II of the FMLA by reference to § 6301(2)); *id.* § 6301(2) (defining employee under FMLA by reference to § 2105).

72 L.Ed.2d 520 (1982) (stating that suits against the government may proceed "only if Congress has consented to suit; a waiver of the traditional sovereign immunity cannot be implied but must be unequivocally expressed" (internal quotation marks and citations omitted)). Russell provides no legal argument on this point; the government relies upon the Fourth Circuit's decision in *Mann v. Haigh*, 120 F.3d 34 (1997) ("*Mann*"), the only published opinion by a federal court of appeals to consider whether Title II employees may bring suit against the government for alleged violations of the FMLA.

■ As its premise, the Fourth Circuit recognized in *Mann* that suits against the government are barred by sovereign immunity absent unequivocal and express waiver. *See id.* at 37. Accordingly, the Fourth Circuit held that:

No unequivocal waiver of immunity exists in Title II, and, consequently, the omission of a provision in Title II similar to that in Title I creating a private right of action is treated as an affirmative congressional decision that the employees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims through the FMLA. Accordingly, Title II of the FMLA creates neither an express nor an implied right of action whereby [covered] employees may obtain judicial review of adverse employment decisions.

*Id.* We agree with the Fourth Circuit's reasoning and similarly conclude that the absence of an express waiver of the government's sovereign immunity in Title II of the FMLA bars private suits for violations of its provisions.

### III

In the district court, Russell alternatively argued that review of FMLA violations is available under the Administrative Procedure Act ("APA"). *See* 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action ... is entitled to judicial review thereof."). The government asserts that the Civil Service Reform

Act (scattered sections of 5 U.S.C.) ("CSRA") preempts APA review of FMLA claims, again relying on the Fourth Circuit's decision in *Mann*. There, the Fourth Circuit held that, "in view of the comprehensiveness of the CSRA ... the CSRA prevents [government] employees from obtaining judicial review of an adverse employment decision under the APA." *Mann*, 120 F.3d at 38.

■ In *Veit v. Heckler*, we similarly recognized that "[t]he CSRA provides a comprehensive scheme for administrative and judicial review of federal personnel actions and practices." 746 F.2d 508, 510 (9th Cir.1984). Thus, we held that the CSRA precluded APA review of such actions and practices, stating that "the comprehensive nature of the procedures and remedies provided by the CSRA indicates a clear congressional intent to permit federal court review as provided in the CSRA or not at all." *Id.* at 511; *accord Moore v. Glickman*, 113 F.3d 988, 994 n. 7 (9th Cir.1997). Consistent with our own precedent and the Fourth Circuit's decision in *Mann*, we conclude that APA review of Russell's FMLA claims is preempted by the CSRA.

### IV

■ In the district court, Russell sought leave to amend in order to allege claims under 42 U.S.C. § 1983 against the various government officials for unspecified violations of her constitutional rights. Section 1983, however, provides no right of action against federal (rather than state) officials. *See Gibson v. United States*, 781 F.2d 1334, 1343 (9th Cir.1986) ("Federal officers acting under federal authority are immune from suit under section 1983"). Thus, the district court construed the request as an attempt to allege a *Bivens* action against the federal officials for the alleged constitutional violations. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). As the district court correctly noted, however,

we have consistently held that the CSRA preempts *Bivens* actions and other suits for constitutional violations arising from governmental personnel actions. *See Brock v. United States*, 64 F.3d 1421, 1425 (9th Cir.1995) ("The CSRA is the exclusive remedy for all prohibited personnel actions."); *Saul v. United States*, 928 F.2d 829, 839–40 (9th Cir.1991) ("CSRA preclusion of *Bivens* claims applies even absent any CSRA remedy."). Thus, amendment would have been futile, and the district court did not err by denying leave to amend. *See, e.g., Dumas v. Kipp*, 90 F.3d 386, 389 (9th Cir.1996) (holding that dismissal without leave to amend is appropriate where further amendment would be futile).

## V

For the foregoing reasons, Russell's claims under Title II of the Family and Medical Leave Act are barred by sovereign immunity and preempted by the Civil Service Reform Act.

AFFIRMED.