**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT W. HOWARD,
<u>Plaintiff-Appellant,</u>

v.

FEDERAL BUREAU OF PRISONS; KEITH

No. 99-6708

OLSON, Warden, FCI Beckley, in his
official capacity; KIM DIGRE, Unit
Manager, in her official and
personal capacity,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Robert C. Chambers, District Judge.
(CA-98-1233-5)

Submitted: September 21, 1999

Decided: October 7, 1999

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert W. Howard, Appellant Pro Se. Michael Lee Keller, OFFICE
OF THE UNITED STATES ATTORNEY, Charleston, West Vir-
ginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Robert Howard filed a complaint against the Federal Bureau of Prisons ("BOP"); Keith Olson, Warden at F.C.I. Beckley; and Kim Digre, Unit Manager at F.C.I. Beckley, alleging that prison officials were deliberately indifferent to his medical needs. Olson was sued in his official capacity only and Digre was sued in her official and personal capacities. Howard alleged that Digre took away medical privileges given to him by the BOP's medical personnel. Specifically, Howard claimed in an unverified complaint that Digre intentionally instructed an unspecified person to destroy medical permits granting Howard permission to wear soft shoes, go to "early chow," be housed in a first floor unit, and assigned a lower bunk. Howard claimed that as a result of Digre's actions, he was denied the privileges granted through these permits and suffered physical and mental pain and suffering. We have reviewed the record and affirm the district court's judgment.

Howard cannot bring an action under Bivens[1] against the BOP because such actions cannot be brought against agencies of the federal government. See FDIC v. Meyer, 510 U.S. 471, 486 (1994). Furthermore, Bivens will not support an action against officials sued in their official capacity only. See Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) (Bivens actions are "against federal officials individually"). Nor will a Bivens action support such a claim under a respondeat superior theory. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). Thus, the district court properly dismissed the complaint against the BOP and Olson. Likewise, Howard's claim against Digre in her official capacity is also without merit.

_____

[1] See **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971).

2

We find that the evidence as submitted by the Appellees established that Digre was not deliberately indifferent to Howard's needs because there was no evidence that she intentionally had Howard's medical permits destroyed. See Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Because Howard did not offer any affidavits, depositions or other evidence in response to the Appellees' summary judgment motion, we conclude that Digre is entitled to summary judgment on Howard's claim that she was deliberately indifferent to his medical needs. See Allstate Fin. Corp. v. Financorp, Inc., 934 F.2d 55, 58-59 (4th Cir. 1991).[2]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[2] Although the district court dismissed Howard's claim against Digre for failing to exhaust administrative remedies, we can affirm the court's judgment for any reason appearing on the record. See Mann v. Haigh, 120 F.3d 34, 36 (4th Cir. 1997).

3