228 F.3d 367 (4th Cir. 2000)
 RITA J. ZIMBELMAN; KAREN MICHALIK, Plaintiffs-Appellees,
v.
STEVEN S. SAVAGE, Colonel, in his official capacity and as an individual; MICHAEL P. FILAN, Lieutenant Colonel, in his official capacity and as an individual; DONALD J. WHALEN, in his official capacity as Services Squadron Flight Chief and as an individual; DON COOK, in his official capacity as Deputy of Services Squadron and as an individual; LESTER M. RIDALL, in his official capacity as Chief, Human Resources Office, and as an individual; GEORGE J. ZALASKY, in his official capacity as an OSI Agent and as an
individual; MICHAEL D. GOODRICH, in his individual capacity; BRUCE J. GUYOTE, in his individual capacity; JAMES R. CAPPS, in his individual capacity; THOMAS E. WELCH, in his individual capacity, Defendants-Appellants,
and
UNITED STATES AIR FORCE; S. E. WIDNALL, Doctor, Secretary; OSI AGENT 1, sued as "Four Other Unnamed OSI Agents, in their official capacities and as individuals"; OSI AGENT 2, sued as "Four Other Unnamed OSI Agents, in their official capacities and as individuals"; OSI AGENT 3, sued as "Four Other Unnamed OSI Agents, in their official capacities and as individuals"; OSI AGENT 4, sued as "Four Other Unnamed OSI Agents, in their official capacities and as individuals", Defendants.
 No. 99-1607.
 UNITED STATES COURT OF APPEALS, FOR THE FOURTH CIRCUIT.
 Argued: June 5, 2000.
Decided: September 21, 2000.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia.
 Mathew J. Perry, Jr., Senior District Judge. (CA-97-592-3-10)COUNSEL ARGUED: Richard Alan Olderman, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellants. John Michael Brown, Augusta, Georgia, for Appellees. ON BRIEF: David W. Ogden, Acting Assistant Attorney General, J. Rene Josey, United States Attorney, Barbara L. Herwig, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellants. Kristina M. Anderson, Aiken, South Carolina, for Appellees.
 Before WILKINSON, Chief Judge, and MICHAEL and MOTZ, Circuit Judges.
 Reversed and remanded by published opinion. Chief Judge Wilkinson wrote the opinion, in which Judge Michael and Judge Motz joined.
 OPINION
 WILKINSON, Chief Judge:
 
 
 1
 Plaintiffs Rita Zimbelman and Karen Michalik were fired from their Air Force jobs based on suspicions of theft, fraud, and other misconduct. Their internal appeals seeking reinstatement failed. Plaintiffs then filed this Bivens action alleging several constitutional violations, among them that the Air Force violated their Fifth Amendment rights by failing to grant them a name-clearing hearing. The district court denied the defendants' motion for partial summary judgment on the Fifth Amendment claim. Because the special factor of plaintiffs' federal employment precludes the remedy they seek, we reverse the judgment of the district court and remand with instructions to dismiss Zimbelman and Michalik's Fifth Amendment claim against the defendants.
 
 I.
 
 2
 Rita Zimbelman and Karen Michalik worked for the Officers' Club at Shaw Air Force Base in Sumter, South Carolina. The club is a non-appropriated fund instrumentality (NAFI), meaning that it is a federal agency whose funds come primarily from its own activities rather than annual appropriations. Based on reports of misconduct at the club, the Air Force's Office of Special Investigations (OSI) conducted an investigation of the club's employees, including Zimbelman and Michalik.
 
 
 3
 OSI's investigation concluded on March 13, 1995. On March 15, 1995, Lieutenant Colonel Michael Filan sent Zimbelman written notification that he was recommending termination of her employment because of suspicions of theft and fraud. Zimbelman filed a three-page response on March 17, 1995, and a ten-page response on April 10, 1995. On April 13, 1995, Filan issued a decision terminating her as manager of the Officer's Club.
 
 
 4
 As a NAFI employee, Zimbelman was not covered by the remedial scheme of the Civil Service Reform Act (CSRA). See 5 U.S.C. S 2105(c) (1994). Thus, the only way she could challenge her termination was pursuant to the internal procedures set forth in the Air Force Manual. Accordingly, Zimbelman filed a Step 1 grievance with Colonel Steven Savage, who rejected the appeal in a four-page decision. Zimbelman's Step 2 and Step 3 grievances were rejected by Colonel Thomas Poole and Colonel Richard Hamer, respectively. This exhausted her administrative remedies. Zimbelman was subsequently indicted on criminal charges but was acquitted by a directed verdict at the close of the government's case.
 
 
 5
 Michalik, also a NAFI employee, received written notification of her proposed termination on March 20, 1995. The Air Force also accused her of engaging in misconduct. She filed a response to the charges that day and later initiated a Step 1 grievance. Lt. Col. Filan rejected her Step 1 appeal. Michalik's Step 2 grievance was summarily dismissed because she filed it in an untimely fashion. This brought the internal appeals process to an end. The Air Force never filed any criminal charges against Michalik.
 
 
 6
 Zimbelman and Michalik then filed this Bivens action against members of the OSI team and their supervisors. The complaint alleged several constitutional violations, among them that OSI officers violated plaintiffs' Fifth Amendment right to preserve their reputations. Zimbelman and Michalik claim that the false accusations caused each of them to lose gainful employment and the opportunity for future employment. Moreover, they claim that they did not have the constitutionally required opportunity to clear their names.
 
 
 7
 The district court dismissed some claims but allowed, among others, the Fifth Amendment claim to stand. The defendants then moved for partial summary judgment on the Fifth Amendment claim. The district court denied this motion and defendants filed this interlocutory appeal. See Mitchell v. Forsyth, 472 U.S. 511, 527 (1985). II.
 
 
 8
 A Bivens action is a judicially created damages remedy designed to vindicate violations of constitutional rights. See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Bivens actions, however, are inappropriate if there are"special factors counseling hesitation." Id. at 396. For example, Bivens actions are not allowed "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations . . . ." Schweiker v. Chilicky, 487 U.S. 412, 423 (1988).
 
 
 9
 In Bush v. Lucas, 462 U.S. 367 (1983), the Supreme Court refused to recognize a First Amendment Bivens action brought by an engineer against the director of a federal space flight center. The Court held that federal employment constitutes the sort of"special factor" that makes a Bivens remedy inappropriate. See id. at 389. Federal employment is a "special factor" because federal personnel matters are governed by the CSRA. See id. Because the CSRA constitutes a comprehensive set of procedural and substantive provisions governing the rights of federal employees, it would be inappropriate "to supplement that regulatory scheme with a new judicial remedy." Id. at 368; see also United States v. Fausto, 484 U.S. 439 (1988) (exclusiveness of the CSRA precludes claims raised under other statutes). Congress is more competent to decide "whether or not it would be good policy" to create "a new species of litigation between federal employees" and to evaluate how this might effect"the efficiency of the civil service." Bush, 462 U.S. at 389-90.
 
 
 10
 Zimbelman and Michalik's claims indisputably arise from a federal employment relationship. Their complaint is that at no point before losing their federal jobs did the applicable federal statutes and regulations grant them a name-clearing hearing. Zimbelman and Michalik contend that because the processes governing their appeals were insufficient, they deserve a Bivens remedy. But as Bush and Chilicky make clear, a Bivens remedy is inappropriate where the "special factor" of federal employment exists.
 
 
 11
 The fact that Zimbelman and Michalik were NAFI employees and thus exempted by Congress from the Civil Service Reform Act does not release them from its exclusive remedial framework. In Mann v. Haigh, 120 F.3d 34, 38 (4th Cir. 1997), this court held that the comprehensiveness of the CSRA barred NAFI employees from obtaining judicial review of their employment decisions under the Administrative Procedures Act (APA). This ruling accords with cases from other circuits. For example, the Fifth Circuit noted in McAuliffe v. Rice, 966 F.2d 979, 981 (5th Cir. 1992), that Congress exempted NAFI employees from the CSRA in order to give the armed services the "maximum possible personnel flexibility." To view the exemption of NAFI employees from the CSRA as an invitation for the judicial creation of new employee remedies would both constrict this flexibility and afford NAFI employees more safeguards than ordinary civil servants receive under the CSRA. See id. The courts have thus uniformly rejected the efforts of other, non-NAFI, federal employees who lack a CSRA remedy to bring a Bivens action. See Blankenship v. McDonald, 176 F.3d 1192 (9th Cir. 1999) (court reporter with no effective remedies under the CSRA precluded from bringing Bivens action); Lee v. Hughes, 145 F.3d 1272 (11th Cir. 1998) (federal employee without a CSRA remedy barred from bringing Bivens suit); Lombardi v. Small Bus. Admin., 889 F.2d 959, 961 (10th Cir. 1989) ("even if no remedy at all has been provided by the CSRA" federal employee still cannot pursue a Bivens claim); Spagnola v. Mathis, 859 F.2d 223, 228 (D.C. Cir. 1988) (en banc) (same).
 
 
 12
 It is not relevant that plaintiffs believe the procedures governing their employment relationship were insufficient. The Supreme Court has twice refused to allow a Bivens action in cases where it agreed that the remedies made available by Congress were not complete and that some hardships would go uncompensated. In both cases the Court found that (1) "special factors" counseled against creating a judicial remedy; (2) other safeguards, such as an internal review process, existed; and (3) the failure to grant complete relief was not inadvertent. See Chilicky, 487 U.S. at 425 ("Here, exactly as in Bush, Congress has failed to provide for `complete relief'. . . .").
 
 
 13
 The same factors counsel against plaintiffs' Bivens action. First, there is the special factor of federal employment. Second, Zimbelman and Michalik had other safeguards, in the form of internal appeals, available to them. Third, no evidence exists that the absence of more comprehensive procedural safeguards was inadvertent. In fact, Congress explicitly addressed the status of NAFI employees when it removed them from the CSRA's coverage. See 5 U.S.C. S 2105(c).
 
 
 14
 Our holding is consistent with circuit precedent. In the context of federal personnel policy, this court has consistently refused to add layers of process to what Congress has already provided. For example, in Pinar v. Dole, 747 F.2d 899, 910 (4th Cir. 1984), we refused to create a Bivens action for an alleged First Amendment violation on the grounds that "[t]he absence of a provision for direct judicial review . . . among the carefully structured remedial provisions of the CSRA is evidence of Congress' intent that no judicial review in district court be available . . . ." In Mann, we cited the comprehensiveness of the CSRA in denying a NAFI employee the right to obtain judicial review of an employment decision under the APA. See 120 F.3d at 38. We now decline again to substitute our judgment for that of Congress in federal employment disputes by creating a Bivens remedy for plaintiffs' Fifth Amendment claim.
 
 III.
 
 15
 Since we have dismissed plaintiffs' claim on the basis of the special factor of their federal employment, we have no need to reach the additional grounds for dismissal raised by appellants. The judgment of the district court is reversed and remanded with instructions to dismiss plaintiffs' Fifth Amendment claim.
 
 REVERSED AND REMANDED