NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3170
_____

PHILIP BURG;
ELLEN BURG,
Appellants

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; JAMES
J. MAIORANO, ACTING AS A SUPERVISORY AUDITOR, U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES, OFFICE OF INSPECTOR GENERAL, OFFICE
OF AUDIT SERVICES, REGION III; EUGENE G. BERTI, JR., ACTING AS A
SUPERVISORY AUDITOR, U.S. DEPARTMENT OF HEALTH AND HUMAN
SERVICES, OFFICE OF INSPECTOR GENERAL, OFFICE OF AUDIT SERVICES,
REGION III; UNITED STATES DEPARTMENT OF LABOR; UNITED STATES
OFFICE OF PERSONNEL MANAGEMENT

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. No. 2-07-cv-02992)
District Judge: Hon. Thomas N. O'Neill, Junior

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 27, 2010

Before: McKEE, *Chief Judge*, RENDELL, *Circuit Judge*, and STAPLETON, *Senior
Circuit Judge*
(Opinion filed : July 21, 2010)

_____

OPINION
_____

McKEE, *Chief Judge*.

Philip Burg appeals the district court's dismissal of his amended complaint alleging violation of the Family Medical Leave Act, breach of contract, intentional infliction of emotional distress, negligent infliction of emotional distress, harassment, hostile work environment, and discrimination.[1] The district court dismissed Burg's breach of contract claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismissed all other claims pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. For the reasons that follow, we will affirm in part, and vacate and remand in part.[2]

## I

We write primarily for the parties who are familiar with the factual and procedural history of this case and therefore need only recite as much of the underlying dispute as is helpful to our discussion.

Philip Burg was a senior auditor in the Philadelphia Office of Inspector General ("OIG"), United States Department of Health and Human Services until taking disability retirement in February of 2004. In his amended complaint, he alleged several types of mistreatment while working at OIG. As a result, he sued the Department of Health and Human Services, Department of Labor, Office of Personnel Management, and two of his supervisors at OIG (James J. Maiorano and Eugene G. Berti, Jr.). Defendants responded

---

[1] Although the caption of this case lists Ellen Burg as an appellant, she is not mentioned in the statement of issues on appeal and her claims are not addressed in the appeal.

[2] Burg argues that even if his amended complaint was deficient, the district court should have let him amend. We see no need to address this argument because the district court did allow Burg to amend his initial complaint.

with a motion to dismiss all counts pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56. The district court granted defendants' motion to dismiss Burg's breach of contract claim and dismissed the rest of Burg's claims pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. This appeal followed.[3]

## II

At the outset, it is important to note the distinction between a dismissal based on lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), and a dismissal for failure to state a claim pursuant to Rule 12(b)(6). "In a Rule 12(b)(6) motion, the court evaluates the merits of the claims by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiffs, and determining whether they state a claim as a matter of law." *Gould Electronics Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). In contrast, a dismissal based on lack of subject matter jurisdiction goes to "the trial court's . . . very power to hear the case." *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*.

---

[3] The district court had jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. "When reviewing an order dismissing a claim for lack of subject matter jurisdiction, we exercise plenary review over legal conclusions and review findings of fact for clear error." *White-Squire v. United States Postal Service*, 592 F.3d 453, 456 (3d Cir. 2010). We exercise plenary review over a district court's order granting a motion to dismiss for failure to state a claim. *Jones v. ABN Amro Mortgage Group, Inc.*, 606 F.3d 119, 123 (3d Cir. 2010).

## III

In his breach of contract claim, Burg seeks damages in excess of $75,000.00 against the federal government as his former employer. Under the "Tucker Act," a federal employee may sue the United States on either an express or implied contract. 28 U.S.C. § 1346(a)(2); 28 U.S.C. § 1491(a)(1). Both jurisdictional provisions are identical, with the exception that 28 U.S.C. § 1346(a)(2) gives the district courts concurrent jurisdiction with the Court of Claims over all civil actions or claims seeking damages of $10,000.00 or less; whereas, 28 U.S.C. § 1491 gives the Court of Claims sole jurisdiction for claims over $10,000.00. *Army and Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 734 n.5 (1982).

The district court dismissed the breach of contract claim on its merits, pursuant to Rule 12(b)(6). However, the district court clearly lacked subject matter jurisdiction over this claim because Burg sought damages in excess of $75,000.00. Therefore, the claim fell within the sole jurisdiction of the Court of Claims, and should have been dismissed pursuant to Rule 12(h)(3). Nevertheless, the court was clearly correct in dismissing the contract claim and we will affirm that dismissal. *See Johnson v. Orr*, 776 F.2d 75, 83 n. 7 (3d Cir. 1985) ("an appellate court may affirm a result reached by the district court on reasons that differ so long as the record supports the judgment").

## IV

The district court dismissed Burg's Family Medical Leave Act ("FMLA") claim

for lack of subject matter jurisdiction. As a federal employee, Title II of the FMLA governs Burg's claim. 5 U.S.C. § 6381 *et seq.*[4] Although Title I of the FMLA expressly provides a private right of action, 29 U.S.C. § 2617(a)(2), Title II does not. "[T]he absence of an express waiver of the government's sovereign immunity in Title II of the FMLA bars private suits for violations of its provisions." *Russell v. United States Dept. of the Army*, 191 F. 3d 1016, 1019 (9th Cir. 1999); *see also Mann v. Haigh*, 120 F.3d 34, 37 (4th Cir. 1997). Accordingly, we will affirm the district court's dismissal of Burg's FMLA claim.

## V

The district court also dismissed Burg's claims of intentional infliction of emotional distress and negligent infliction of emotional distress for lack of subject matter jurisdiction. The Federal Employees Compensation Act ("FECA") provides federal employees with a comprehensive remedy for injuries "sustained while in the performance of [their] duty." 5 U.S.C. § 8102(a). FECA is the exclusive remedy for federal employees seeking compensation for covered injuries.[5] 5 U.S.C. § 8116(c). "[I]f a claim is covered under FECA, then the federal courts have no subject matter jurisdiction to entertain the action, since the United States has not otherwise waived its sovereign immunity to suit." *Heilman v. United States*, 731 F.2d 1104, 1109 (3d Cir. 1984). As long as "there is a 'substantial question' regarding FECA coverage, the federal courts will

---

[4] Title I governs leave for private employees and federal employees not covered by Title II. 29 U.S.C. § 2601 *et seq.*

[5] There is an exception to this subsection, but it is inapplicable to the present case.

not entertain a claim." *Id*. at 1110. "A 'substantial question' exists unless it is certain that the Secretary would find no coverage." *Id*. The decision of the Secretary of Labor on a FECA claim "is final, and review of any kind by a court is absolutely barred." *Id*. at 1109 (citing 5 U.S.C. § 8128(b)(2)).

Because Burg had filed a FECA claim that was eventually denied on its merits by the Employees Compensation Appeals Board, the district court held that it did not have jurisdiction to review the Secretary's decision that FECA applied to Burg's claims of intentional infliction of emotional distress and negligent infliction of emotional distress. Although Burg's complaint stated that he filed a FECA claim that was denied on the merits, it is unclear from his complaint whether his FECA claim included his claims of intentional infliction of emotional distress and negligent infliction of emotional distress.

However, even if Burg never asserted these claims, a substantial question of FECA coverage would exist as to Burg's claims of intentional infliction of emotional distress and negligent infliction of emotional distress. It is clear that the district court lacked subject matter jurisdiction over Burg's claims for emotional distress whether or not he raised those FECA claims in his complaint. If the claims were part of Burg's FECA claim, the district court lacked jurisdiction to review the adverse determination of the Secretary of Labor. If these claims were not part of his FECA claim, the district court lacked jurisdiction to consider these claims because there exists a substantial question of FECA coverage. Accordingly, we will affirm the district court's dismissal of Burg's claims of intentional infliction of emotional distress and negligent infliction of emotional

distress.

## VI

Lastly, we address Burg's claims of harassment, hostile work environment, and discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 791. "It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997). Exhaustion of administrative remedies is thus a prerequisite for suit under Title VII. *Id.* at 1020-21. It is also a prerequisite for suit under the Rehabilitation Act. *Spence v. Straw*, 54 F.3d 196, 201 (3d Cir. 1995). "Failure to exhaust is 'in the nature of statutes of limitation' and 'do[es] not affect the District Court's subject matter jurisdiction.'" *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999) (quoting *Hornsby v. United States Postal Serv.*, 787 F.2d 87, 89 (3d Cir. 1986)).

The district court dismissed Burg's Title VII and Rehabilitation Act claims for lack of subject matter jurisdiction because it believed that Burg failed to exhaust his administrative remedies. Dismissal for lack of subject matter jurisdiction was improper because exhaustion is not a jurisdictional bar. *See Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982). Inasmuch as the court erred in dismissing for lack of subject matter jurisdiction, we will vacate the district court's dismissal of Burg's Title VII and Rehabilitation Act claims and remand for further proceedings consistent with this

opinion.[6]

## VII

Accordingly, we will affirm the judgment of the district court dismissing Burg's claims for breach of contract, violation of the Family Medical Leave Act, intentional infliction of emotional distress, and negligent infliction of emotional distress. We will vacate the district court's dismissal of Burg's claims under Title VII and the Rehabilitation Act and remand for further proceedings consistent with this opinion.

---

[6] In their motion to dismiss, or in the alternative for summary judgment, defendants affirmatively raised the defense that Burg failed to exhaust administrative remedies. "Failure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendant. In appropriate cases, failure to exhaust may be raised as the basis for a motion to dismiss." *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002) (citation omitted).

In considering a motion to dismiss, "we are required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). In his amended complaint, Burg alleged that he filed a discrimination complaint with the Equal Employment Opportunity Office on February 6, 2004 and that the EEOC dismissed his complaint on July 12, 2004. On this record, it appears that Burg's pleading is minimally sufficient to survive a motion to dismiss. We decline to affirm the dismissal of Burg's complaint pursuant to Rule 12(b)(6). The district court did not reach the summary judgment exhaustion issue, and the parties have not briefed it before us. The district court is, of course, free to address it on remand.