**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1056**

ROBERTO RAMON CALERO,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  July 30, 2015          Decided:  August 13, 2015

Before MOTZ, KING, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Timothy R. Woods, BERLIN AND ASSOCIATES, P.A., Baltimore, Maryland, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, John S. Hogan, Assistant Director, Ashley Martin, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Ramon Calero, a native and citizen of Nicaragua, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's ("IJ") order denying his motion to terminate his removal proceedings and ordering him removed to Nicaragua. We deny the petition for review.

In 2006, Calero, then a lawful permanent resident of the United States, was convicted in the Circuit Court for Montgomery County, Maryland, of attempted robbery with a dangerous weapon, in violation of Md. Code Ann., Crim. Law § 3-403 (LexisNexis 2012). Calero was sentenced to 10 years' imprisonment, with 6 years suspended. Calero's initial removal proceedings, which took place in San Antonio, Texas, were terminated without prejudice in January 2010. Three years later, the Department of Homeland Security ("DHS") filed a second Notice to Appear ("NTA"), again charging Calero with removability as an aggravated felon based on the same Maryland conviction. See 8 U.S.C. § 1227(a)(2)(A)(iii) (2012).

Calero moved to terminate his removal proceedings, arguing that the doctrines of res judicata and collateral estoppel precluded the DHS from instituting a second round of removal proceedings based on the Maryland conviction because it was the basis for Calero's first removal proceedings, which were

2

terminated without prejudice. The immigration judge rejected this argument, sustained the charge of removability, and ordered Calero removed to Nicaragua. The Board agreed with the IJ's analysis of the issue and dismissed Calero's appeal. This petition for review timely followed.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2012), to review the final order of removal of an alien convicted of certain enumerated crimes, including an aggravated felony. Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Calero] [i]s an alien and whether [ ]he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). If we are able to confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we may only consider "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); see Turkson v. Holder, 667 F.3d 523, 526-27 (4th Cir. 2012).

We have jurisdiction to review Calero's legal argument that res judicata or collateral estoppel foreclosed the DHS from pursuing a second round of removal proceedings. See Johnson v. Whitehead, 647 F.3d 120, 129-31 (4th Cir. 2011). We review legal issues de novo, "affording appropriate deference to the

3

[Board]'s interpretation of the INA [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691–92 (4th Cir. 2008).

"Res judicata, or claim preclusion, bars the relitigation of any claims that were or could have been raised in a prior proceeding between the same parties." Sartin v. Macik, 535 F.3d 284, 287 (4th Cir. 2008). Specifically, res judicata precludes a later claim when three factors are present: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." Clodfelter v. Republic of Sudan, 720 F.3d 199, 210 (4th Cir. 2013) (internal quotation marks omitted). "[C]ollateral estoppel, or issue preclusion, . . . bars the relitigation of specific issues that were actually determined in a prior action." Sartin, 535 F.3d at 287.

Our review of the record confirms the Board's affirmance of the IJ's conclusion that the decision to terminate Calero's first removal proceedings was not a decision on the merits that was entitled to preclusive effect. As the transcript of that hearing makes plain, this termination decision was without prejudice to the DHS' ability to later charge Calero with removability on the same basis, but in a more accurately drafted NTA. The conclusion that such a termination is not entitled to

4

preclusive effect is consistent with governing law.  See Cooter
& Gell v. Hartmax Corp., 496 U.S. 384, 396 (1990) (explaining
that, when a case is dismissed without prejudice, that dismissal
"does not operate as an adjudication upon the merits, and thus
does not have a res judicata effect" (alteration, citation, and
internal quotation marks omitted)); Mann v. Haigh, 120 F.3d 34,
36 (4th Cir. 1997) (quoting Cooter & Gell for same proposition).

We reach the same result in terms of Calero's collateral
estoppel argument.  Despite his suggestion to the contrary,
Calero's removability as an aggravated felon was not actually
resolved in the first removal proceedings.  See Ramsay v. INS,
14 F.3d 206, 210 (4th Cir. 1994) (recognizing that collateral
estoppel precludes only those issues that "have been actually
determined and necessarily decided in prior litigation"
(internal quotation marks omitted)).

Finally, we reject Calero's contention that the DHS failed
to adhere to the proper administrative procedures by issuing a
second NTA in a different immigration court rather than pursuing
reopening in the first.  As the Board observed, the DHS has
broad discretion to determine whether to issue an NTA to an
alien.  See 8 C.F.R. § 239.1(a) (2015).  Given that the first
removal proceedings were terminated without prejudice, the DHS
acted well within its discretion to file a second NTA instead of
reopening the already terminated proceedings.  See Alvear-Velez

v. Mukasey, 540 F.3d 672, 682 n.6 (7th Cir. 2008) (rejecting similar argument because, although reopening was an option, "nothing in regulation section 1003.23(b)(1) suggests that this was the immigration authorities' only manner of proceeding"); see also In re Avetisyan, 25 I. & N. Dec. 688, 695 (BIA 2012) (explaining the difference between administrative closure of proceedings and termination of proceedings and noting that, when proceedings have been terminated and there is no successful appeal of that ruling or a motion, "the DHS [would have] to file another charging document to initiate new proceedings").

For these reasons, we deny Calero's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED