OPINION
MICHAEL, Circuit Judge:
The Prison Litigation Reform Act of 1996 (PLRA or Act), Pub.L. No. 104-134, 110 Stat. 1321-71 (1996), limits the ability of prisoners to file civil actions without prepayment of filing fees. When a prisoner has previously filed at least three actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the Act’s “three strikes” provision requires that the prisoner demonstrate imminent danger of seri *394 ous physical injury in order to proceed without prepayment of fees. 28 U.S.C. § 1915(g). The main issue before us today is whether a dismissal without prejudice for failure to state a claim counts as a strike under § 1915(g). We hold that it does not. Four of the six previous actions filed by Quentin McLean, the plaintiff-appellant in this case, were dismissed without prejudice for failure to state a claim. As a result, McLean is not a three-striker, and he may proceed in this appeal without the prepayment of filing fees. His substantive claim must be rejected, however. McLean attempts to sue the United States and the United States Congress, asserting that a statute of limitations provision in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), is retroactive and therefore unconstitutional. Because the United States and its Congress are immune from such a suit, we affirm the district court’s dismissal of McLean’s complaint.
I.
The PLRA requires a district court to engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a) (2000). The court must identify “cognizable claims or dismiss the complaint, or any portion [thereof, that] is frivolous, malicious, or fails to state a claim upon which relief may be granted.” 28 U.S.C. § 1915A(b)(l) (2000). The “three strikes” provision of the PLRA, § 1915(g), denies in forma pauperis (IFP) status to any prisoner who:
has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
28 U.S.C. § 1915(g) (2000).
On August 3, 2006, McLean, a state prisoner in Virginia, filed a pro se action under 42 U.S.C. § 1983 against the United States and the United States Congress in the Eastern District of Virginia. He challenged as retroactive, and therefore unconstitutional, § 2244(d) of AEDPA, which imposes a statute of limitations on a state prisoner seeking to file a habeas corpus petition in federal court. See 28 U.S.C. § 2244(d). On the same day, McLean filed a motion for leave to proceed IFP. The district court proceeded directly to the preliminary screening of McLean’s complaint as required by § 1915A(a) and dismissed it for failure to state a claim. McLean v. United States, No. 2:06-cv-00447 (E.D.Va. Sept. 12, 2006). The court concluded that McLean’s motion to proceed IFP was moot in light of the dismissal under § 1915A.
After filing a notice of appeal, McLean filed a motion in this court to proceed IFP. Because of McLean’s prisoner status our clerk’s office treated his IFP motion as moot and required him to file a separate application — on our form — for leave to proceed without prepayment of fees in accordance with the PLRA.
The PLRA application form required McLean to state whether he had, while incarcerated, filed three actions or appeals that were dismissed as frivolous or malicious or for failure to state a claim. McLean responded in the affirmative and, as required, listed the names and docket information for five such actions. The PLRA application form then instructed McLean to state “facts in support of any claim” that he was “under imminent danger of serious physical injury.” Appel *395 lant’s Application for Leave to Proceed Without Prepayment of Filing Fees 1, No. 06-7784 (4th Cir. Nov. 16, 2006). McLean responded:
My continue [sic] incarceration will subject me to psychological turmoil, worriation [sic], disturbances with thoughts— my deteriorating healthcare problems inadequately treated, exposures to unhealthy environment repeated government employees [sic] corruption and grown hate againts [sic] me, and loss of equality and rights of men Art. 1 sec. 1.

Id.

Once McLean’s PLRA application was filed, the clerk entered an order conditionally granting him leave to proceed without full prepayment of fees. The order stated that it was “subject to rescission or revision at any time should the court determine that appellant has had three cases dismissed as frivolous, malicious, or for failure to state a claim and appellant is not under imminent danger of serious physical injury.” McLean v. United States, No. 06-7784 (4th Cir. Nov.29, 2006) (order conditionally granting appellant’s motion for leave to proceed without prepayment of filing fees).
A review of McLean’s litigation history reveals that while incarcerated in Virginia, he had filed six non-habeas actions that were dismissed on grounds that might qualify them as strikes under § 1915(g). Specifically, all six actions were dismissed for failure to state a claim upon which relief can be granted. Four were dismissed without prejudice and the remaining two were simply dismissed, with one order noting that the dismissal counted as a strike for PLRA purposes.[1]
II.
McLean’s present appeal challenges the dismissal of his § 1983 action contesting the enactment of AEDPA’s statute of limitations. We reach the merits of his appeal only if he is eligible to proceed without prepayment of fees under § 1915 (the IFP statute). To resolve the eligibility issue, we must determine whether he has fewer than three prior dismissals that count as strikes or, if not, whether he is in imminent danger of serious physical injury. The determination of whether McLean is a three-striker under § 1915(g) turns on whether a dismissal without prejudice for failure to state a claim counts as a strike. We conclude for the following reasons that such a dismissal is not a strike.
*396 A.
Section 1915(g) includes in its list of strikes an action or appeal “that was dismissed on the grounds that it •... fails to state a claim upon which relief may be granted.” 28 U.S.C. § 1915(g). In interpreting this provision, we must first determine whether its language “has a plain and unambiguous meaning with regard to the particular dispute in the case.” Robinson v. Shell Oil Co., 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). “The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.” Id. at 341, 117 S.Ct. 843. “Our inquiry must cease if the statutory language is unambiguous and ‘the statutory scheme is coherent and consistent.’ ” Id. at 340, 117 S.Ct. 843 (quoting United States v. Ron Pair Enters., Inc., 489 U.S. 235, 240, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)).
Our task here is to determine whether Congress intended an action or appeal “that was dismissed on the grounds that it ... fails to state a claim upon which relief may be granted” to count as a strike under 28 U.S.C. § 1915(g) if that dismissal was specifically designated to be “without prejudice.” The language “fails to state a claim upon which relief may be granted” in § 1915(g) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6). Compare Fed.R.Civ.P. 12(b)(6) (listing “failure to state a claim upon which relief can be granted” as grounds for dismissal). When Congress directly incorporates language with an established legal meaning into a statute, we may infer that Congress intended the language to take on its established meaning. United States v. Langley, 62 F.3d 602, 605 (4th Cir.1995) (“It is firmly entrenched that Congress is presumed to enact legislation with knowledge of the law; that is with the knowledge of the interpretation that courts have given to an existing statute.”); see also Miles v. Apex Marine Corp., 498 U.S. 19, 32, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990) (“We assume that Congress is aware of existing law when it passes legislation.”).
When the word “dismissed” is coupled with the words “[for] failure] to state a claim upon which relief may be granted,” the complete phrase has a well-established legal meaning. Courts have held that, unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice. See Federated Dep’t Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (“The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a ‘judgment on the merits.’ ”); Carter v. Norfolk Cmty. Hosp. Ass’n, 761 F.2d 970, 974 (4th Cir.1985) (“A district court’s dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice.”); U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 241 (1st Cir.2004) (“[I]n the absence of a clear statement to the contrary, a dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is presumed to be with prejudice.”).
It follows that the type of prior dismissal for failure to state a claim contemplated by § 1915(g) is one that constituted an adjudication on the merits and prejudiced the filing of a subsequent complaint with the same allegations. In contrast, a dismissal without prejudice for failure to state a claim is not an adjudication on the merits, Mann v. Haigh, 120 F.3d 34, 36 (4th Cir.1997); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), and “permits a plaintiff to refile the complaint as though it had never been filed,” Mendez v. Elliot, 45 *397 F.3d 75, 78 (4th Cir.1995). Consequently, a dismissal without prejudice for failure to state a claim does not fall within the plain and unambiguous meaning of § 1915(g)’s unqualified phrase “dismissed ... [for] fail[ure] to state a claim.” As a result, a dismissal without prejudice for failure to state a claim does not count as a strike.
B.
Although our conclusion as to the unambiguous meaning of an unqualified dismissal for failure to state a claim in the context of § 1915 is sufficient to end our inquiry, we address the government’s and the dissent’s assertions that the legislative purpose of the PLRA supports a contrary interpretation.
The impetus behind the enactment of the PLRA was a concern about the “endless flood of frivolous litigation” brought by inmates. 141 Cong. Rec. S14,418 (1995) (statement of Sen. Hatch). The Act’s proponents expressed dismay because these frivolous suits were “draining precious judicial resources.” 141 Cong. Rec. S7526 (1995) (statement of Sen. Kyi); see also 141 Cong. Rec. S14,418 (1995) (statement of Sen. Hatch) (“The crushing burden of these frivolous suits makes it difficult for courts to consider meritorious claims.”).
The purpose of the PLRA was not, however, to impose indiscriminate restrictions on prisoners’ access to the federal courts. Senator Kyi emphasized that the Act would “free up judicial resources for claims with merit by both prisoners and nonprisoners.” 141 Cong. Rec. S7526 (1995) (statement of Sen. Kyi); see also 141 Cong. Rec. S14,627 (1995) (statement of Sen. Hatch) (“I do not want to prevent inmates from raising legitimate claims. This legislation will not prevent those claims from being raised.”). As other courts have concluded, “[t]here is no doubt that the provisions of the PLRA ... were meant to curb the substantively meritless prisoner claims that have swamped the federal courts.” Shane v. Fauver, 213 F.3d 113, 117 (3d Cir.2000) (emphasis in original).
Because a dismissal without prejudice for failure to state a claim is not an adjudication on the merits, treating such a dismissal as a strike would undermine Congress’s intent. A potentially meritorious but inartfully pleaded claim by a prisoner that is dismissed without prejudice for failure to state a claim is wholly distinct from a claim that is dismissed as frivolous, malicious, or substantively meritless. The former claim might be revived by competent pleading, but the latter cannot. As the Second Circuit explained:
Section 1915(g)’s mandate that prisoners may not qualify for IFP status if their suits have thrice been dismissed on the ground that they were ‘frivolous, malicious, or failfed] to state a claim’ was intended to apply to nonmeritorious suits dismissed with prejudice, not suits dismissed without prejudice for failure to comply with a procedural prerequisite.
Snider v. Melindez, 199 F.3d 108, 111 (2d Cir.1999) (alteration in original). To treat as equivalent nonmeritorious suits dismissed with prejudice and those dismissed without prejudice for failure to state a claim by counting both as strikes would cut against the clearly expressed goal of Congress.
The dissent nevertheless contends that it is “evident” that the “legislative purpose underlying § 1915(g)” does not support our construction of the statute. Post at 408 n. 8. The cases cited by the dissent, however, do not demonstrate that Congress intended § 1915(g)’s strike designation to reach potentially meritorious claims.
*398 The dissent is of course correct in noting that, at the broadest level, “the PLRA’s ‘focus is to limit litigation brought by prisoners,’ ” post at 403 (quoting Montcalm Pub. Corp. v. Virginia, 199 F.3d 168, 171 (4th Cir.1999)). A broadly conceived purpose does not imply, however, that Congress intended to use a meat-axe approach to achieve the purpose. The Supreme Court’s opinion in Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), cited frequently by the dissent, fully supports our understanding of the goal of the PLRA. As the dissent itself explains, using the language of Jones, “[although our legal system ‘remains committed to guaranteeing that prisoner claims ... are fairly handled according to law,’ the ‘challenge lies in ensuring that the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit.’ ” Post at 402-03 (quoting Jones, 549 U.S. at 203, 127 S.Ct. 910) (emphasis added). A dismissal without prejudice for failure to state a claim is not an adjudication on the merits of the claim. Mann v. Haigh, 120 F.3d at 36. Consequently, a suit dismissed without prejudice for failure to state a claim cannot properly be characterized as ultimately nonmeritorious; that determination has simply not been made.
C.
The government also cites one circuit court opinion, Day v. Maynard, 200 F.3d 665 (10th Cir.1999), which held that a dismissal without prejudice is a strike under the PLRA. Day is a Tenth Circuit per curiam opinion that offers no analysis to support its holding; it only states that “a dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.” 200 F.3d at 667. Day relies on opinions from two other circuits as authority, Rivera v. Allin, 144 F.3d 719 (11th Cir.1998); and Patton v. Jefferson Correctional Center, 136 F.3d 458 (5th Cir.1998). Neither Rivera nor Patton, however, informs our decision today because neither case involved a dismissal without prejudice for failure to state a claim. The dismissals without prejudice analyzed in Rivera and Patton were dismissals for frivolousness, abuse of the judicial process, and failure to exhaust administrative remedies. The Rivera and Patton courts had no occasion to examine the implications of their holdings on the type of dismissal at issue in this case, a dismissal for failure to state a claim.
Finally, the dissent relies on a more recent case from the Ninth Circuit, O’Neal v. Price, 531 F.3d 1146 (9th Cir.2008). There, a divided panel concluded that a denial of an application to proceed IFP constituted “bringing” an action for purposes of § 1915(g). The court also held that any § 1915 dismissal, however styled and regardless of whether it was rendered with leave to refile, counts as a strike. After noting that § 1915(g) “does not distinguish between dismissals with and without prejudice,” the court said that it “decline[d] to read into the statute an additional requirement not enacted by Congress.” 531 F.3d at 1154, 1155. Our holding today, however, does not read an additional requirement into the statute that was not already implied by Congress’ use of the familiar phrase “dismissed ... [for] fail[ure] to state a claim.”[2] An unqualified dismissal for failure to state a claim is presumed to operate with prejudice; the addition of the words “with prej *399 udice” to modify such a dismissal is simply not necessary.
D.
Our holding that a dismissal without prejudice for failure to state a claim is not a strike does not, we recognize, resolve whether a dismissal for frivolousness rendered without prejudice would count as a strike. However, nothing in our analysis of dismissals for failure to state a claim suggests that dismissals for frivolousness should be exempted from § 1915(g)’s strike designation, even when the dismissal is rendered without prejudice.
Indeed, the Supreme Court’s detailed comparison in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), of dismissals for failure to state a claim under Rule 12(b)(6) and dismissals for frivolousness under § 1915 (the IFP statute) makes clear that meaningful differences exist between these two types of dismissal. In Neitzke the Court considered whether an IFP complaint that fails to state a claim under Rule 12(b)(6) is automatically frivolous within the meaning of the IFP statute. Id. at 320, 109 S.Ct. 1827. In concluding that the two categories were distinct, the Court explained that a complaint is frivolous only “where it lacks an arguable basis either in law or in fact.” Id. at 325, 109 S.Ct. 1827. The Court also noted that the IFP statute’s sua sponte dismissal provision, now 28 U.S.C. § 1915(e)(2),
is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint’s factual allegations and dismiss those claims whose factual contentions are clearly baseless.
Id. at 327, 109 S.Ct. 1827. Examples of frivolous claims include those whose factual allegations are “so nutty,” “delusional,” or “wholly fanciful” as to be simply “unbelievable.” Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 774 (7th Cir.2002); Denton v. Hernandez, 504 U.S. 25, 29, 112 S.Ct. 1728,118 L.Ed.2d 340 (1992).
In contrast, “Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.” Neitzke, 490 U.S at 326, 109 S.Ct. 1827. “This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding.” Id. at 326-27,109 S.Ct. 1827. Although the Supreme Court has subsequently made clear that the factual allegations in a complaint must make entitlement to relief plausible and not merely possible, see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-63, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), “[wjhat Rule 12(b)(6) does not countenance are dismissals based on a judge’s disbelief of a complaint’s factual allegations,” Neitzke, 490 U.S. at 327, 109 S.Ct. 1827; see also Twombly, 550 U.S. at 556, 127 S.Ct. 1955. “District court judges looking to dismiss claims on such grounds must look elsewhere for legal support.” Neitzke, 490 U.S. at 327, 109 S.Ct. 1827. “[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable and that a recovery is very remote and unlikely.” Twombly, 550 U.S. at 556, 127 S.Ct. 1955 (internal quotations omitted).
*400 Neitzke makes clear that a dismissal for frivolousness is of a qualitatively different character than a dismissal for failure to state a claim. As a result, our holding today should not be read to indicate that a dismissal for frivolousness that is rendered without prejudice should avoid a strike designation.
E.
Our decision today is fully consistent with Congress’ dual goals of reducing prisoner litigation and, at the same time, preserving meaningful access to the courts for prisoners with potentially meritorious claims. In expressing its concerns to the contrary, the dissent, post at 408-10, posits a situation in which a district court is confronted with a prisoner’s complaint that “wholly lack[s] merit” and dismisses the complaint without prejudice for failure to state a claim. The dismissal is appealed, and this court entertains the appeal pursuant to Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064 (4th Cir.1993), and affirms the dismissal. The dissent contends that failure to count the district court’s dismissal as a strike would undermine the goals of the PLRA. To illustrate its argument the dissent invokes De’Lonta v. Angelone, 330 F.3d 630 (4th Cir.2003).
De’Lonta, however, does not substantiate the dissent’s concerns. In De’Lonta a prisoner brought a § 1983 claim alleging denial of adequate medical treatment in violation of the Eighth Amendment. Although the district court was “unable to conceive of any set of facts under which the Eighth Amendment would entitle” the plaintiff to relief, it nevertheless dismissed the complaint without prejudice to avoid “complicating any future actions with issues of collateral estoppel or claim preclusion.” 330 F.3d at 633.
De’Lonta does not help the dissent for two reasons. First, upon review, our court actually reversed the district court’s Rule 12(b)(6) dismissal and remanded the case for further proceedings. Thus, De’Lonta is hardly an illustration of a complaint that “wholly lack[s] merit,” the type of complaint that the PLRA sought to address. Second, because we reversed the district court’s dismissal, we had no cause to address the appropriateness of the district court’s decision to dismiss De’Lonta’s suit “without prejudice.” To the extent, however, that a district court is truly unable to conceive of any set of facts under which a plaintiff would be entitled to relief, the district court would err in designating this dismissal to be without prejudice. Courts, including this one, have held that when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend. See Cozzarelli v. Inspire Pharms. Inc., 549 F.3d 618, 630 (4th Cir.2008) (affirming dismissal with prejudice where amendment would have been futile); see also, e.g., Gadda v. State Bar of Cal., 511 F.3d 933, 939 (9th Cir.2007) (“Because allowing amendment would be futile, we hold that the district court properly dismissed [plaintiffs] claims with prejudice and without leave to amend.”).
Rather than compelling an overbroad interpretation of the term “dismiss” when used in the context of failure to state a claim under § 1915(g), we suggest De’Lonta instead counsels that courts remain mindful of the distinction between an unqualified dismissal for failure to state a claim and a dismissal without prejudice. While a potentially meritorious claim, particularly by a pro se litigant, should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable, see Bolding v. Holshouser, 575 F.2d 461, 464-65 (4th Cir.1978), such an *401 unqualified dismissal is entirely proper when the court has reviewed the claim and found it to be substantively meritless. Once a court has determined that the complaint is truly unamendable, a dismissal without prejudice is of little benefit to the litigant, as the claim cannot be made viable through reformulation. Similarly, dismissal of such a complaint without prejudice works to defeat the PLRA’s goal of reducing substantively meritless prisoner lawsuits because it allows the prisoner to file the same merit-less claim again. When a district court is confronted with a complaint that fails not because of some technical deficiency but because its claims lack legal merit, this complaint is properly dismissed for failure to state claim — that is, finally and prejudicially disposed of. Rather than detracting from Congress’ goal of reducing meritless prisoner litigation, today’s decision will preserve the ability of district courts to meaningfully distinguish between poorly pled but potentially meritorious claims and those that simply lack merit. Any prisoner whose complaint falls in the latter category will be penalized with a strike as the PLRA intended.
F.
McLean has had six prior civil actions dismissed. Because four of those dismissals were without prejudice for failure to state a claim, he has accrued only two strikes under § 1915(g). Accordingly, the clerk’s order allowing him to proceed in this appeal without full prepayment of fees will be allowed to stand. Because McLean is not a “three striker,” it is not necessary for us to consider his claim that he is under imminent danger of serious physical injury.
III.
We turn at last to the merits of McLean’s appeal. McLean has sued the United States and the United States Congress under 42 U.S.C. § 1983, claiming that AEDPA’s statute of limitations provision, 28 U.S.C. § 2244(d), is a retroactive law and is thus unconstitutional. As the district court correctly concluded, the United States and its Congress are immune from suit in this instance.
As a sovereign the United States “is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court’s jurisdiction to entertain the suit.” United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (internal quotations omitted). The United States has not waived its sovereign immunity for constitutional tort suits, such as the one here. Martinez v. Winner, 771 F.2d 424, 442 (10th Cir.1985). Similarly, this sovereign immunity extends to the United States Congress when it is sued as a branch of the government. See Keener v. Congress of U.S., 467 F.2d 952, 953 (5th Cir.1972). And members of Congress “are immune from liability for their actions within the ‘legislative sphere.’ ” Eastland v. U.S. Servicemen’s Fund, 421 U.S. 491, 510, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975); see also Art. I, § 6, cl. 1 (Speech and Debate Clause). As a result, the courts lack jurisdiction to entertain a suit against the United States and the United States Congress that challenges the enactment of AEDPA.
IV.
In sum, we hold that the dismissal of a prisoner’s complaint without prejudice for failure to state a claim does not count as a strike under 28 U.S.C. § 1915(g). This holding means that McLean does not have three strikes under § 1915(g) and that he can proceed in this appeal without the prepayment of filing fees. In considering *402 the substance of McLean’s claim, we hold that the courts lack jurisdiction under principles of sovereign immunity to entertain his suit against the United States and its Congress. Accordingly, the district court’s order dismissing his complaint is

AFFIRMED.

. (1) McLean v. Michael, No. 7:98-cv-00119 (W.D.Va. Feb. 23, 1998) (dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); motion to reopen time to file appeal denied; aff'd 205 F.3d 1334 (4th Cir.1999) (unpublished table opinion); (2) McLean v. Flemming, No. 7:98-cv-00731 (W.D.Va. Jan. 13, 1999) (dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); (3) McLean v. Bolling, No. 7:99-cv-00221 (W.D.Va. May 10, 1999) (dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); (4) McLean v. Faust, No. 2:99-cv-00625 (E.D. Va. June 2, 1999) (dismissed for failure to state a claim upon which relief can be granted; court noted that dismissal for failure to state a claim would be considered a strike under 28 U.S.C. § 1915(g)), aff'd 202 F.3d 259 (4th Cir.1999) (unpublished table opinion); (5) McLean v. Schillin, No. 7:99-cv-00319 (W.D.Va. July 20, 1999) (dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); (6) McLean v. Bolling, No. 7:99-cv-00341 (W.D.Va. July 26, 1999) (dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), aff'd sub nom. McLean v. Angelone, 202 F.3d 259 (4th Cir.1999) (unpublished table opinion)).

. For the same reason, our holding does not, as the dissent suggests, see post at 27, read any words into the statute that are not already implied by well-established legal meaning. See part II.A, supra.