**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-8404**

JULIAN EDWARD ROCHESTER,

                Petitioner - Appellant,

     v.

STATE OF SOUTH CAROLINA,

                Respondent - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Henry M. Herlong, Jr., District
Judge.  (2:08-cv-03488-HMH-RSC)

Submitted:  November 9, 2009     Decided:  December 4, 2009

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

Julian Edward Rochester, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julian Edward Rochester appeals the district court's order denying his petition for a writ of mandamus, dismissing the action without prejudice for failure to state a claim, and directing that the dismissal count as a "strike" under the Prison Litigation Reform Act (PLRA). See 28 U.S.C. § 1915(e) (2006). Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Our review of the record convinces us that Rochester did not meet his burden of showing that he had no other adequate means to obtain the relief requested and that his right to relief was clear and indisputable. See In re: First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). We therefore affirm the denial of Rochester's mandamus petition.

Subsequent to the district court's decision, we held that the dismissal of an action without prejudice for failure to state a claim may not count as a "strike" under the PLRA. McLean v. United States, 566 F.3d 391, 395 (4th Cir. 2009). Accordingly, the district court's order is modified to reflect that the dismissal does not qualify as a strike.

We grant leave to proceed in forma pauperis and dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.  The motions to expedite and to compel the State to discontinue its discrimination against Appellant are denied.

<u>AFFIRMED AS MODIFIED</u>