**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-2411**

_____

IRVING E. TWITTY,

                  Plaintiff - Appellant,

       v.

NATIONWIDE INSURANCE COMPANY; PATRICIA DUGAN, CPCU AiC;
CHERYLON DEAN, Claims Invest; DENNIS GILLILAN, Claims
Manager; ALECIA CORNELIUS, Regulator; WANDA W. SMITH;
TIJUANA L. CRISP; OWNER OF JEEP GRAND CHEROKEE JEEP;
GEOFFREY W. GIBBON, Attorney at Law; GRENVILLE D. MORGAN,
JR., Attorney at Law; JOHN C. FEW, Circuit Court Judge,

                  Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
South Carolina, at Greenville.   R. Bryan Harwell, District
Judge.  (6:09-cv-02381-RBH)

_____

Submitted:  May 6, 2011            Decided:  May 24, 2011

_____

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Irving E. Twitty, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Irving E. Twitty appeals from the district court's order accepting the magistrate judge's recommendation and concluding that Twitty had three prior actions dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b) (2006). If an applicant has had three actions or appeals so dismissed, the applicant may not proceed without prepayment of fees unless the applicant is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (2006).

The district court relied on the following three actions as forming a basis for Twitty's three such prior dismissals: (1) Twitty v. Petty, No. 3:00-47-DWS (D.S.C. Feb. 24, 2000); (2) Twitty v. Stevens, No. 7:00-2615-DWS (D.S.C. Sept. 20, 2000); and (3) Twitty v. Werner, et al. (D.S.C. Jan. 9, 2002).[1] (R. 10 at 2). Each of these cases, however, was dismissed without prejudice and therefore cannot qualify as a predicate strike under the PLRA. See McLean v. United States, 566 F.3d 391, 395 (4th Cir. 2009) (noting the dismissal of an action without prejudice for failure to state a claim may not count as a "strike" under the PLRA).

---

[1] Independent research reveals this could be Case No. 7:01-4131-19BG.2.

Accordingly, we vacate the district court's order finding that the above dismissals constituted strikes against Twitty. We remand for further consideration of Twitty's PLRA application in accordance with this opinion and <u>McLean</u>.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[2] In her report and recommendation, the magistrate judge noted that Twitty had filed 16 previous actions in that court.