**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-6787

GARY BUTERRA WILLIAMS,

                    Petitioner – Appellant,

          v.

VIRGINIA SUPREME COURT,

                    Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:11-cv-00132-HEH)

Submitted:  November 23, 2011        Decided:  December 8, 2011

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Gary Buterra Williams, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Buterra Williams filed a petition for a writ of mandamus in the district court seeking an order compelling the state court in which he was being prosecuted to act on his claims of federal constitutional violations. The district court dismissed his petition as it found Williams had sustained three actions that were dismissed as frivolous, malicious, or for failure to state a claim, thus finding that Williams was a "three-striker." Although we conclude that the district court erred in so finding, we affirm the district court's order on an alternative ground.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who has had three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, may not proceed without prepayment of fees unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (2006). However, dismissal of an action without prejudice for failure to state a claim does not count as a "strike" under the PLRA. McLean v. United States, 566 F.3d 391, 396-97 (4th Cir. 2009).

Here, the district court relied on three 42 U.S.C. § 1983 (2006) suits instituted by Williams in finding that he was a "three-striker" — Williams v. Vliet, 3:05-cv-621 (E.D. Va. June 8, 2006), Williams v. Cavedo, 3:05-cv-842 (E.D. Va.

2

Feb. 23, 2006), and <u>Williams v. City of Richmond</u>, 3:04-cv-747 (E.D. Va. Aug. 17, 2005). <u>City of Richmond</u>, however, was dismissed without prejudice for failure to state a claim for relief and, therefore, cannot be relied upon in finding Williams a "three-striker." Moreover, while Williams has had many other cases dismissed by the district court and other district courts, our review of these cases has failed to yield another qualifying dismissal.

We therefore conclude that the district court erred in finding that Williams had sustained three strikes under the PLRA. Nonetheless, we affirm the district court's order on an alternative ground.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. <u>Kerr v. U.S. Dist. Court</u>, 426 U.S. 394, 402 (1976). "Courts are extremely reluctant to grant a writ of mandamus." <u>In re Beard</u>, 811 F.2d 818, 827 (4th Cir. 1987). To obtain mandamus relief, a petitioner must show that:

> (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

<u>In re Braxton</u>, 258 F.3d 250, 261 (4th Cir. 2001) (internal quotation marks and citation omitted).

3

In addition, federal courts do not have jurisdiction to grant mandamus relief against state officials, see Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969), or to review final state court orders. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). As Williams sought an order compelling a state court to act, he was not entitled to the relief he sought in the district court.

We therefore affirm the district court's order dismissing Williams' petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4