**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-6978

GARY BUTERRA WILLIAMS,

              Plaintiff – Appellant,

        v.

CIRCUIT COURT FOR CITY OF SUFFOLK,

              Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Henry E. Hudson, District
Judge.  (3:11-cv-00125-HEH)

Submitted:  February 22, 2012        Decided:  March 2, 2012

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge

Vacated and remanded by unpublished per curiam opinion.

Gary Buterra Williams, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Buterra Williams appeals the district court's order dismissing his petition for removal of the state prosecution against him pursuant to 28 U.S.C. § 1443 (2006), for failure to pay the filing fee. As we conclude that the district court erred in finding that Williams was a "three-striker," we vacate the district court's order and remand.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who has had three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, may not proceed without prepayment of fees unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (2006). However, dismissal of an action without prejudice for failure to state a claim does not count as a "strike" under the PLRA. McLean v. United States, 566 F.3d 391, 396-97 (4th Cir. 2009).

Here, the district court relied on three 42 U.S.C. § 1983 (2006) suits instituted by Williams in finding that he was a "three-striker" — Williams v. Vliet, 3:05-cv-621 (E.D. Va. June 8, 2006), Williams v. Cavedo, 3:05-cv-842 (E.D. Va. Feb. 23, 2006), and Williams v. City of Richmond, 3:04-cv-747 (E.D. Va. Aug. 17, 2005). City of Richmond, however, was dismissed without prejudice for failure to state a claim for relief and, therefore, cannot be relied upon in finding Williams

2

a "three-striker."  Moreover, while Williams has had many other cases dismissed by the district court and other district courts, our review of these cases has failed to yield another qualifying dismissal.

We therefore conclude that the district court erred in finding that Williams had sustained three strikes under the PLRA.  Accordingly, we vacate the district court's order and remand for a determination of whether removal was proper under § 1443.  See, e.g., Northrup v. North Carolina, 2012 WL 19807 (4th Cir. Jan. 5, 2012) (unpublished).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED