**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-1856**

─────────────

GREGORY JEROME MILLER,

        Plaintiff - Appellant,

    v.

CAROLINAS HEALTHCARE SYSTEM,

        Defendant - Appellee.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:12-cv-00314-RJC-DSC)

─────────────

Submitted: November 27, 2013      Decided: March 13, 2014

─────────────

Before GREGORY, AGEE, and THACKER, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

Gregory Jerome Miller, Appellant Pro Se. Kevin V. Parsons, SMITH, PARSONS & VICKSTROM, PLLC, Charlotte, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Jerome Miller appeals the district court's order, accepting in part the magistrate judge's recommendation, and dismissing, pursuant to Fed. R. Civ. P. 12(b)(6), Miller's action alleging violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2013). Miller, an African-American male, alleged that his employer, Carolinas HealthCare System ("CHS"), discriminated and retaliated against him in violation of Title VII. Specifically, Miller asserted (1) discrimination based on sex, age, race, and color; (2) blacklisting, invasion of privacy, and violation of North Carolina Recording Law; (3) failure to promote based on race; (4) hostile work environment; and (5) retaliation. The magistrate judge recommended dismissing all but Miller's Title VII claims of disparate treatment based on race, failure to promote, and retaliation. In granting CHS's motion to dismiss for failure to state a claim upon which relief may be granted on all claims, the district court held that Miller's allegations were insufficient to support a prima facie case under Title VII. For the reasons that follow, we affirm in part, vacate in part, and remand.

This court reviews de novo a district court's order dismissing a complaint for failure to state a claim, assuming that all well-pleaded nonconclusory factual allegations in the

2

complaint are true. Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint. Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009).

"To survive a motion to dismiss pursuant to Rule 12(b)(6), plaintiff's '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" Aziz, 658 F.3d at 391 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a court must accept the material facts alleged in the complaint as true, Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999), statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see also Giacomelli, 588 F.3d at 193 (4th Cir. 2009) ("[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief.") (internal quotation marks omitted).

"Although the Supreme Court has . . . made clear that the factual allegations in a complaint must make entitlement to relief plausible and not merely possible, what Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." McLean v. United States,

3

566 F.3d 391, 399 (4th Cir. 2009) (internal quotation marks, alteration, and citations omitted).  "Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  Finally, a pro se complaint "is to be liberally construed, . . . and . . . must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

Miller's complaint must include only "a short and plain statement of the claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  As the Supreme Court has recognized, specific facts are not necessary in a pleading, and a plaintiff need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93 (internal quotation marks and citations omitted).  Indeed, the Supreme Court has cautioned that a Title VII plaintiff is not required to plead facts that constitute a prima facie case.  See Swierkiewicz, 534 U.S. at 510-15. However, this court has recognized that Swierkiewicz "left untouched the burden of a plaintiff to allege facts sufficient to state all the elements of her claim."  Jordan v. Alternative Res. Corp., 458 F.3d 332, 346 (4th Cir. 2006) (internal quotation marks omitted).

4

Under this analysis, we conclude that the district court properly granted CHS's motion to dismiss all claims except Miller's claims of discrimination based on race, failure to promote, and retaliation. In analyzing Miller's discrimination and retaliation claims under the burden-shifting framework adopted by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), the district court essentially required Miller to allege a prima facie case as to these claims. With respect to Miller's claim of race discrimination, the district court determined that dismissal was appropriate because Miller offered no facts to support that he was performing his job in a satisfactory manner. The district court also dismissed Miller's failure to promote claim on the ground that Miller failed to plead facts sufficient to address the second element of his prima facie case which requires identification of a specific position.[*] As to Miller's retaliation claim, the district court concluded Miller failed to sufficiently allege that CHS had knowledge that he engaged in

---

[*] In his amended complaint, Miller stated that CHS discriminated against him when it failed to promote him to a supervisor's position. Miller offered no other details with respect to the position. We conclude Miller provided CHS "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93 (internal quotation marks and citations omitted).

protected behavior of the type that would invoke legal protections of Title VII.

In the employment discrimination context, however, a plaintiff need not establish a prima facie case under McDonnell Douglas in order to survive a motion to dismiss. Swierkiewicz, 534 U.S. at 510-11 (concluding that "the prima facie case . . . is an evidentiary standard, not a pleading requirement."). Complaints in such cases therefore "must satisfy only the simple requirements of Rule 8(a)." Id. at 513.

Taking the allegations in Miller's amended complaint as true, we conclude that the district court erred in finding Miller insufficiently pleaded a claim of race discrimination, failure to promote, and retaliation. We conclude Miller's amended complaint as to these three claims was sufficient to survive a Rule 12(b)(6) dismissal, particularly in light of Miller's pro se status.

For the foregoing reasons, we affirm the district court's dismissal of Miller's claims of hostile work environment, discrimination based on sex, age, and color; and blacklisting, invasion of privacy, and violation of North Carolina Recording Law. However, we hold that Miller's claims under Title VII for discrimination based on race, retaliation, and failure to promote are sufficient to withstand Rule 12(b)(6)

6

dismissal.  Accordingly, we vacate the judgment dismissing those claims and remand for further proceedings.

In holding that these claims survive a motion to dismiss under Rule 12(b)(6), we express no opinion on the ultimate merits of these claims.  On remand and after discovery, the district court must determine whether issues of triable fact exist on the elements of Miller's claims.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>