**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2187**

TEMESGEN TESHOME ABDISSA,

                    Plaintiff - Appellant,

          v.

UNC CHAPEL HILL,

                    Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:15-cv-00394-BO)

Submitted:  February 29, 2016          Decided:  March 3, 2016

Before AGEE, DIAZ, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Temesgen Teshome Abdissa, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Temesgen Teshome Abdissa appeals the district court's order granting his motion to proceed in forma pauperis and dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) (2012). Abdissa alleged that his former employer discriminated against him based on his race and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2015). For the reasons that follow, we vacate the district court's order and remand for further proceedings.

A pro se litigant's pleadings are to be liberally construed. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Once construed liberally, however, a federal court must dismiss an in forma pauperis case at any time the court determines that "the action . . . is frivolous or malicious[,] . . . . fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). We review dismissals of a complaint as frivolous for an abuse of discretion. Nagy v. FMC Butner, 376 F.3d 252, 254 (4th Cir. 2004)

It does not appear beyond doubt that Abdissa's complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); McLean v. United States, 566

2

F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are so nutty, delusional, or wholly fanciful as to be simply unbelievable." (internal quotation marks omitted)). Indeed, even at the Fed. R. Civ. P. 12(b)(6) stage, a complaint may proceed "even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007) (internal quotation marks omitted). Because the district court dismissed the complaint without giving Abdissa an opportunity to clarify his claims, see Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam) (holding that, if pro se complaint contains potentially cognizable claim, plaintiff should be given opportunity to particularize allegations), we vacate the district court's order dismissing Abdissa's complaint as frivolous and remand to permit Abdissa to amend his complaint and for further proceedings. We express no opinion as to the viability of Abdissa's underlying claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

3