**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2017**

MARGARET REAVES,

Plaintiff - Appellant,

v.

OCWEN LOAN SERVICING LLC; LITTON LOAN SERVICING; POPULAR FINANCIAL; THE BANK OF NEW YORK MELLON,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:16-cv-00186-FL)

Submitted: February 16, 2017                    Decided: June 12, 2017

Before GREGORY, Chief Judge, DUNCAN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Dismissed and remanded by unpublished per curiam opinion.

Margaret Reaves, Appellant Pro Se. Brian Michael Rowlson, BRADLEY ARANT BOULT CUMMINGS LLP, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Margaret Reaves seeks to appeal the district court's orders dismissing her civil complaint. In our initial consideration of this matter, we dismissed the appeal for lack of jurisdiction and remanded this case to the district court. Three of the Appellees, Ocwen Loan Servicing LLC, Litton Loan Servicing, and The Bank of New York Mellon ("Petitioners"), assert in their petition for rehearing that the district court dismissed the claims against Petitioners with prejudice and that the court's order was therefore final and appealable. We grant Petitioners' petition for rehearing to clarify the basis for our decision to dismiss and remand this appeal to the district court.

The district court dismissed Reaves' claims against Petitioners on June 10, 2016, after concluding that the complaint failed to sufficiently distinguish between Petitioners and "fail[ed] to provide the necessary factual adornment" in support of any of her claims against Petitioners. *Reaves v. Ocwen Loan Servicing LLC*, No. 5:16-cv-00186-FL (E.D.N.C., PACER No. 19 at 3). As Petitioners accurately note, the dismissal is presumed to be with prejudice, *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009), and, therefore, on its own, would constitute a final, appealable order. However, the district court also issued an order on August 23, 2016, which dismissed without prejudice Reaves' claims against Popular Financial pursuant to Fed. R. Civ. P. 4(m), for failure to properly serve that Defendant.

The dismissal of Reaves' complaint against Popular Financial without prejudice and the dismissal of claims against Petitioners with prejudice created a split judgment. We have previously explained that "[t]his kind of split judgment ordinarily would not be

2

considered 'final' and therefore appealable under 28 U.S.C. § 1291 because it does not wind up the entire litigation in the district court." *Waugh Chapel S., LLC v. United Food & Commercial Workers Union Local 27*, 728 F.3d 354, 359 (4th Cir. 2013). Because the district court dismissed Reaves' claims against Popular Financial without prejudice, and because Reaves may cure the deficiency identified by the district court by amending her complaint and properly serving Popular Financial, we conclude that we lack jurisdiction over Reaves' appeal.

Therefore, we dismiss Reaves' appeal and remand to the district court. *See Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619, 623 (4th Cir. 2015). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*