**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7028**

COLESHA NIELE JACKSON,

        Plaintiff - Appellant,

      v.

A. JACKSON, Case Manager; CITY OF VIRGINIA BEACH/CITY HALL, Keep Citizens of Virginia Beach Safe; EASTERN STATE, Keep Mental Ill Safe,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:18-cv-00800-CMH-IDD)

Submitted:  April 4, 2019                     Decided:  April 9, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed as modified by unpublished per curiam opinion.

Colesha Niele Jackson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Colesha Niele Jackson, a Virginia Beach Correctional Center inmate, appeals the district court's order dismissing her 42 U.S.C. § 1983 (2012) complaint under 28 U.S.C. § 1915A(b) (2012). Because it dismissed the complaint for failure to state a claim, the district court also assessed Jackson a "strike" under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g) (2012).

We have reviewed the record and find no reversible error in the district court's conclusion that Jackson failed to state a claim against the named defendants. We note, though, that Jackson alleges in her complaint that other individuals sought "revenge" against her for beating up a jail deputy by not treating Jackson's keratoconus, "a permanent serious eye disease." A jail official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment and provides a cause of action under § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jehovah v. Clarke*, 798 F.3d 169, 181 (4th Cir. 2015). In order to preserve Jackson's ability to file such a claim against the proper defendants, dismissal should be without prejudice. *King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016). And a dismissal without prejudice does not count as a strike under the PLRA. *See* 28 U.S.C. § 1915(g); *McLean v. United States*, 566 F.3d 391, 396-97 (4th Cir. 2009).

Therefore, we affirm the district court's judgment as modified to reflect that the dismissal is without prejudice, and that Jackson is not assessed a strike under the PLRA. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*