**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1412**

RANDY LEE RINDAHL,

Plaintiff - Appellant,

v.

BRIAN OLIVER, Chief Executive Officer; DAVID SILVERMAN, Sr. Vice President and General Counsel; ANDREW RITTER, Sr. Vice President, Strategic and Corporate Deployment; JEFF HAIDINGER, President and Chief Operating Officer; STEVE MONTANARO, Vice President, Pricing, Competitive Analysis & Marketing, All Defendants Within Their Official And Unofficial Capacities, Enjoining any and all Unknown Person/Persons,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T.S. Ellis III, Senior District Judge.  (1:19-cv-00206-TSE-MSN)

Submitted:  June 28, 2019                                          Decided:  July 15, 2019

Before AGEE and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Randy Lee Rindahl, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Lee Rindahl appeals from the district court's order dismissing without prejudice his civil action on the ground that Rindahl could not proceed without prepayment of fees under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915 (2012), because he had three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim, *see id.* § 1915(g).[1] Rindahl applies to proceed on appeal without prepayment of fees under the PLRA. Contrary to the district court's finding, Rindahl has not accrued three or more qualifying dismissals. Specifically, four of the five cases on which the district court relied do not count as strikes because they were dismissals without prejudice for failure to state a claim. *See McLean v. United States*, 566 F.3d 391, 396-97 (4th Cir. 2009). In addition, upon reviewing Rindahl's many other prior actions, we are unable to identify three qualifying strikes under § 1915(e)(2).

Accordingly, we grant Rindahl's application to proceed under the PLRA without prepayment of fees, vacate the district court's order, and remand for further proceedings.[2] We dispense with oral argument because the facts and legal contentions are adequately

---

[1] We have jurisdiction over this appeal because the district court's ground for dismissal was "unrelated to the contents of the pleadings." *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015).

[2] On remand, the district court is not precluded from endeavoring to find three dismissals that, under the laws of this circuit, qualify as strikes for purposes of the PLRA.

presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*