**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1146**

HONG TANG,

Plaintiff - Appellant,

v.

UNIVERSITY OF BALTIMORE; KURT L. SCHMOKE; JOSEPH S. WOOD; DARLENE BRANNIGAN SMITH; KATHLEEN ANDERSON; CHRISTY LEE KOONTZ; PATRIA DE LANCER JULNES,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:18-cv-02200-JKB)

Submitted: June 20, 2019                    Decided: August 7, 2019

Before WYNN and RICHARDSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed as modified by unpublished per curiam opinion.

Hong Tang, Appellant Pro Se. Lillian Lane Reynolds, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hong Tang appeals from the district court's order granting Defendants' motion to dismiss. The district court granted the motion on the reasoning in the Defendants' motion, which included jurisdictional challenges (Eleventh Amendment immunity and defects in service of process), as well as assertions of qualified immunity and failure to state a claim under Fed. R. Civ. P. 12(b)(6). The district court did not state on which grounds its decision rested. Nor did the court state whether the dismissal was with or without prejudice.

Dismissal for failure to properly serve Defendants is a dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). Similarly, a dismissal based upon Eleventh Amendment immunity would be without prejudice. *See* Fed. R. Civ. P. 41(b); *Allen v. Cooper*, 895 F.3d 337, 358 (4th Cir. 2018). However, dismissal for failure to state a claim or for qualified immunity would be with prejudice. *See McLean v. United States,* 566 F.3d 391, 396 (4th Cir. 2009); *Moore ex rel. Moore v. Briggs*, 381 F.3d 771, 775 (8th Cir. 2004) (upon concluding that defendants were entitled to qualified immunity, remanding case with directions to dismiss claims against them with prejudice).

Moreover, when a jurisdictional attack is filed in conjunction with other Fed. R. Civ. P. 12 motions, the court should consider the jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.* The court's dismissal of a plaintiff's case because the plaintiff lacks jurisdiction is not a determination of the merits and does not prevent the plaintiff

2

from pursuing a claim in a court that does have proper jurisdiction or otherwise curing the jurisdictional defect. *Id.*; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109 (1998) ("However desirable prompt resolution of the merits . . . question may be, it is not as important as observing the constitutional limits set upon courts.").

Addressing the jurisdictional attacks (improper service and Eleventh Amendment immunity) first, we find that the claims against the University of Baltimore and the claims for retrospective relief against the individual Defendants in their official capacities are barred by the Eleventh Amendment for the reasons adopted by the district court. Likewise, we conclude that Tang has failed to meet his burden of showing proper service. *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (plaintiff bears burden of proving validity of service). Accordingly, because the district court lacked subject matter and/or personal jurisdiction over Tang's claims, the court lacked the jurisdiction to consider the Defendants' arguments as to the merits of the complaint.

Accordingly, we modify the district court's order to show that the dismissal is based on jurisdictional grounds and is without prejudice and affirm as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*